JELICICH ET AL. *v.* INTERSTATE COAL COMPANY OF INDIANA.

[No. 11,987. Filed October 17, 1924.]

1. MASTER AND SERVANT.—*Industrial board's finding as to employee's contribution to parents not sustained by evidence.*—Finding of Industrial Board of average weekly contribution by deceased employee to dependent parents, *held* supported by no evidence. p. 97.

2. MASTER AND SERVANT.—*On appeal from Industrial Board, Appellate Court cannot weigh the evidence.*—It is not the province of the Appellate Court, on appeal from the Industrial Board, to weigh the evidence or, on reversing an award by the board, to intimate the amount of compensation which should be awarded. p. 97.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Vujo Jelicich and another for compensation for the death of their son, an employee of the Interstate Coal Company of Indiana. From an award for less than the amount sought, claimants appeal. *Reversed.*

*Defrees, Buckingham & Eaton,* for appellants.

*Will H. Hays, Hinckle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellee.

McMAHAN, J.—Mile Jelicich died January 11, 1922, as the result of an injury that arose out of and in the course of his employment with appellee. Appellants, being his father and mother, filed an application for compensation alleging they were dependent upon him for support. On a hearing before a single member of of the Industrial Board, appellants were awarded compensation at the rate of $5.54 per week during their dependency, not exceeding three hundred weeks. On review before the full board, there was a finding that the deceased, at the time of his injury and death, was making an average weekly contribution to the support of appellants of $5.54 per week, and awarding them jointly, as partial dependents, compensation at the rate of $3.047 per week for three hundred weeks. From this award, appellants have appealed and insist that award is contrary to law, in that the evidence is not sufficient to sustain the finding.

The average weekly wage of the deceased employee at the time of his injury and death was in excess of $24. All the facts necessary to support an award in favor of appellants were agreed to, except the fact of and the extent of dependency.

The Industrial Board found the deceased employee was making an average weekly contribution of $5.54

to the support of appellants and that they were 1, 2. partially dependent upon him. In order to support this finding, the evidence would have to show that, during the year prior to the injury of the deceased employee, he had given appellants for their support $288.08. Appellants insist the undisputed evidence shows the deceased had contributed $500 to their support during the year immediately preceding his death. Without passing upon the weight of the evidence or the extent of the dependency of appellants, an examination of the record shows that there is evidence to the effect that, within one year of the death of Mile Jelicich, he made three contributions to the support of appellants. One of these contributions was for $50, one for $150 and one for $300. There is no evidence that any other or different contributions were made, and there is no evidence to support the finding that the average weekly contribution for their support was $5.54. It is not the province of this court to weigh the evidence or to intimate to the board the amount of compensation, if any, that should be awarded. Our duty is performed when we decide, as we must, that the present award cannot be sustained by any possible construction of the evidence as it now stands.

The award is therefore reversed, with directions for further proceedings consistent with this opinion.